■ MEW EQUITY, LLC, et al., Plaintiffs/Counterclaim Defendants-Respondents, v SUTTON LAND SERVICES, LLC, Doing Business as SUTTON LAND TITLE, et al., Defendants, and MENDEL BRACH et al., Defendants/Counterclaim Plaintiffs-Appellants. DAHILL, LLC, et al., Additional Counterclaim Defendants-Respondents. [41 NYS3d 281]—

Appeal from an order of the Supreme Court, Kings County (Jack M. Battaglia, J.), dated November 27, 2012. The order, insofar as appealed from, granted those branches of the motion of the plaintiffs and the counterclaim defendants which were to dismiss the counterclaims asserted by the defendants Mendel Brach and Moshe Roth and to cancel notices of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

Between 2001 and 2007, Martin Wydra and Edward Wydra, through their business entities (hereinafter the Wydra entities), entered into several agreements to loan funds to business entities controlled by the defendants Mendel Brach and Moshe Roth (hereinafter the Brach/Roth entities). The loans were secured by mortgages on several properties purportedly owned by the Brach/Roth entities, including 519 Marcy Avenue in

Brooklyn. The parties to the loan agreements agreed therein to submit any disputes between them to arbitration before the Beth Din of Kollel HaRabbonim (hereinafter the Beth Din), a rabbinical court. After the Brach/Roth entities allegedly defaulted, the Wydras and several Wydra entities (hereinafter collectively the Wydra petitioners) commenced an arbitration proceeding before the Beth Din against Brach, Roth, and a number of Brach/Roth entities (hereinafter collectively the Brach/Roth respondents). In September 2010, the Beth Din issued an award in favor of the Wydra petitioners and against the Brach/Roth respondents (hereinafter the 2010 award).

Shortly thereafter, the Wydras and one of their entities, Mew Equity, LLC (hereinafter collectively the Mew plaintiffs), commenced this action alleging that Brach and Roth (hereinafter together the Brach/Roth defendants) fraudulently induced them to make loans secured by mortgages on 519 Marcy Avenue, a property that neither the Brach/Roth defendants nor the Brach/Roth entities owned and, therefore, lacked the power to encumber. The Brach/Roth defendants asserted 12 counterclaims against the Mew plaintiffs and two Wydra entities, Dahill, LLC, and Hewes, LLC (hereinafter together the counterclaim defendants).

The Wydra petitioners also commenced a proceeding pursuant to CPLR article 75 to confirm the 2010 award. In an order dated September 12, 2011, the Supreme Court vacated the 2010 award and remitted the matter to the same arbitration panel of the Beth Din for a rehearing. On a prior appeal, this Court affirmed that order insofar as appealed from (*see Matter of Wydra v Brach*, 114 AD3d 865 [2014]). In August 2012, the Beth Din issued an award (hereinafter the 2012 award) in favor of the Wydra petitioners and against the Brach/Roth respondents.

Thereafter, in this action, the Mew plaintiffs and the counterclaim defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the Brach/Roth defendants' counterclaims based upon the collateral estoppel effect of the 2012 award and to cancel notices of pendency against properties owned by the counterclaim defendants. In the order appealed from, the Supreme Court granted those branches of the motion, and the Brach/Roth defendants appeal.

For the reasons stated in our decision and order on a related appeal from an order dated August 13, 2015 (*see Matter of Wydra v Brach*, 144 AD3d 932 [2016] [decided herewith]), the Supreme Court should have denied the Brach/Roth respondents' motions for leave to renew their prior cross motion to

vacate the 2012 award. Consequently, the 2012 award, as modified by an order dated January 30, 2014, is a valid determination of the arbitration before the Beth Din.

"The doctrine of collateral estoppel, a narrower species of *res judicata*, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008]). Here, the Mew plaintiffs and the counterclaim defendants established that the issues raised in the Brach/Roth defendants' counterclaims were identical to those issues raised before, and decided against them by, the Beth Din in the 2012 award. In opposition, the Brach/Roth defendants failed to sustain their burden of demonstrating that they did not have a full and fair opportunity to litigate before the Beth Din (*see Martin v Geico Direct Ins.*, 31 AD3d 505, 506 [2006]; *Lobel v Allstate Ins. Co.*, 269 AD2d 502, 502 [2000]). Accordingly, the Supreme Court properly gave collateral estoppel effect to the 2012 award, and properly directed the dismissal of the Brach/Roth defendants' counterclaims pursuant to CPLR 3211 (a) (5).

Since the Supreme Court properly directed the dismissal of those counterclaims, title to, possession of, and the use and enjoyment of the properties owned by the counterclaim defendants are no longer at issue. Therefore, the court also properly granted that branch of the motion of the Mew plaintiffs and the counterclaim defendants which was to cancel the notices of pendency against those properties (*see* CPLR 6514 [a]; *Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC*, 111 AD3d 820, 822 [2013]; *Freidus v Sardelli*, 192 AD2d 578, 580 [1993]).

The parties' remaining contentions, which relate to those branches of the motion of the Mew plaintiffs and the counterclaim defendants which were to dismiss the counterclaims based upon CPLR 3016 (b); 3019 (a), (d) and 6514 (b), need not be reached in light of our determination. Leventhal, J.P., Roman, Cohen and LaSalle, JJ., concur.