**52**   In the Matter of EDWARD WYDRA et al., Appellants, v MENDEL BRACH et al., Respondents. [41 NYS3d 287]—

Appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 13, 2015. The order granted the motions of the respondents for leave to renew and, upon renewal, granted their prior cross motion to vacate an arbitration award.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the respondents' motions for leave to renew their prior cross motion to vacate the arbitration award are denied.

Many of the underlying facts are set forth in our decision and order on a related appeal from an order dated November 27, 2012 (*see Mew Equity, LLC v Sutton Land Servs., LLC*, 144 AD3d 872 [2016] [decided herewith]).

In an order dated January 30, 2014, the Supreme Court modified portions of an arbitration award dated August 9, 2012, issued by a rabbinical court (hereinafter the 2012 award), confirmed the 2012 award as so modified, and denied the respondents' cross motion to vacate the 2012 award in its entirety. Thereafter, the respondent Mendel Brach moved, and the remaining respondents separately moved, for leave to renew their cross motion to vacate the 2012 award. In an order dated August 13, 2015, the court granted leave to renew, and upon renewal, in effect, vacated the prior determination denying the respondents' cross motion to vacate the 2012 award

and, thereupon, granted the cross motion and remitted the matter to the rabbinical court for a rehearing and a new determination.

" 'A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion' " (*Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 890-891 [2015], quoting *Lindbergh v SHLO 54, LLC*, 128 AD3d 642, 644-645 [2015]; *see* CPLR 2221 [e] [2], [3]). The new or additional facts presented "either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]; *see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]).

Here, in support of their renewal motions, the respondents submitted answers to interrogatories obtained in a separate civil action. Those answers were given by an attorney who had represented the petitioners in connection with the underlying transactions, and were not available to the respondents at the time they made their cross motion to vacate the 2012 award. Contrary to the Supreme Court's determination, the facts adduced from those interrogatory answers were merely cumulative with respect to the factual material submitted in connection with the respondents' cross motion, and did not demonstrate that the petitioners fraudulently concealed material information from the rabbinical court (*see Varela v Clark*, 134 AD3d 925, 926 [2015]; *Yerushalmi v Yerushalmi*, 82 AD3d 1217, 1217-1218 [2011]). Consequently, the court should have denied the respondents' motions for leave to renew their cross motion to vacate the 2012 award.

In light of our determination, the petitioners' remaining contentions need not be reached. Leventhal, J.P., Roman, Cohen and LaSalle, JJ., concur.