■ TOMER DAFNA, Appellant, v SHAHRIAR HOMAPOUR, Also Known as CHARLIE HOMAPOUR, et al., Respondents, et al., Nominal Defendant. [61 NYS3d 235]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to a partnership interest, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated April 21, 2015, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the fourth and ninth causes of action as barred by the doctrine of collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the fourth and ninth causes of action as barred by the doctrine of collateral estoppel. "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (*Matter of Dunn*, 24 NY3d 699, 704 [2015]; *see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985]; *Mew Equity, LLC v Sutton Land Servs., LLC*, 144 AD3d 872, 874 [2016]). Contrary to the plaintiff's contention, the defendants satisfied their burden by demonstrating that the subject causes of action are identical to causes of action raised in a prior action brought by the plaintiff's partner, the nominal defendant Guy Iber, which were dismissed on the merits as barred by the statute of frauds. In opposition, the plaintiff failed to sustain his burden of demonstrating that he did not have a full and fair opportunity to litigate the issues in the prior action (*see Mew Equity, LLC v Sutton Land Servs., LLC*, 144 AD3d at 874).

The plaintiff's remaining contentions either are improperly raised for the first time in his reply brief on appeal or need not

be reached in light of our determination. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.