Jamal v Caroline Garden Tenants Corp. (2019 NY Slip Op 04683)





Jamal v Caroline Garden Tenants Corp.


2019 NY Slip Op 04683


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06594
 (Index No. 7447/16)

[*1]Muzaffar Jamal, appellant, 
v
Caroline Garden Tenants Corporation, respondent.


Muzaffar Jamal, Elmhurst, NY, appellant pro se.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Patrick F. Palladino of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, in effect, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered April 24, 2017. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of collateral estoppel.
ORDERED that the order is affirmed, with costs.
The plaintiff is a shareholder-tenant of the defendant, a residential cooperative corporation. The plaintiff, proceeding pro se, commenced this action, inter alia, in effect, to recover damages for breach of fiduciary duty, alleging, among other things, that he sustained damages as a result of the defendant's "deliberate mismanagement and deliberate abuse of board power." The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of collateral estoppel, and the plaintiff opposed the motion. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint. The plaintiff appeals.
"The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of actions are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). "Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]; see Clifford v County of Rockland, 140 AD3d 1108, 1109). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456).
We agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of collateral estoppel. The defendant satisfied its burden by demonstrating that the complaint in this action merely repeated allegations that had already been litigated and decided in two prior actions. In opposition, the plaintiff failed to sustain his burden of "demonstrating the absence of a full and fair opportunity to contest the prior determination[s]" (Buechel v Bain, 97 NY2d 295, 304; see Dafna v Homapour, 153 AD3d 496, 496).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court