2021 IL App (2d) 200491-U
No. 2-20-0491
Order filed May 5, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| DONALD ROSEN, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-L-172 |
| | ) | |
| THE ESTATE OF AARON ROSAND, | ) | Honorable |
| | ) | Kevin T. Busch, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order granting the defendant's motion to dismiss is affirmed because the plaintiff's claims were barred by the doctrine of *res judicata*.

¶ 2    At issue in this appeal is whether the trial court properly dismissed Donald Rosen's claims against the estate of his deceased uncle, Aaron Rosand (the Estate). The Estate moved to dismiss Rosen's claims on various grounds. The trial court granted the motion to dismiss on the ground that there were other actions pending in New York between the same parties for the same cause. 735 ILCS 5/2-619(a)(3) (West 2020). We conclude that the trial court erred in dismissing the case under section 2-619(a)(3), but that the trial court could have properly granted the motion to dismiss

on the alternatively-pled ground that the claims were barred by the doctrine of *res judicata. Id.* § 2-619(a)(4). Accordingly, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The origin of this case is a purported promise made by Aaron Rosand, the decedent, to Donald Rosen, his nephew, in 2003. According to Rosen, he agreed to provide legal, business, and accounting services to Rosand in exchange for Rosand's agreement to include Rosen (and his sister) in his will. Rosen alleges that the parties reduced this promise to writing; that Rosand subsequently executed a will naming Rosen a beneficiary; and that, shortly before his death, Rosand executed a new will which excluded Rosen. Rosen also alleges that Rosand's wife, Christina Khimm, destroyed the earlier will and manipulated Rosand to execute the new will excluding Rosen.

¶ 5     Rosand died in July 2019. A proceeding to administer the Estate was then opened in New York's Surrogate's Court. Khimm and Donald Aibel were appointed as co-executors.

¶ 6     In September 2019, Rosen, *pro se*,[1] filed a complaint against Khimm in the Supreme Court of New York alleging breach of fiduciary duty, unjust enrichment, and tortious interference. He sought creation of constructive trust. In October 2019, Rosen also submitted a formal demand to the Estate for payment pursuant to his purported agreement with Rosand in 2003. The Estate rejected his claim.

---

[1]Rosen, a former licensed Illinois attorney, acted *pro se* in these New York and Illinois proceedings, including on appeal.

¶ 7    In February 2020, Rosen filed a petition in the New York Surrogate's Court case attempting to make a claim under the 2003 will. In March 2020, the Surrogate's Court rejected the claim, citing New York's Statute of Frauds and relevant case law. The order stated:

> "The court declines to entertain this matter and rejects these papers for filing (see SCPA §§ 1809, 2101; General Obligations Law § 5-701(a)(1); EPTL § 3-2.1; Matter of Estate of Hennel, 29 NY3d 487, 493 [2017])."

¶ 8    In April 2020, Rosen filed the instant Illinois case against the Estate, alleging breach of contract, promissory estoppel, and common law fraud. The complaint named Khimm in her capacity as co-executor of the Estate.

¶ 9    Rosen claims that, in May 2020, he petitioned the Surrogate's Court for leave to renew and reargue his petition to make a claim under the 2003 will. Rosen acknowledged that the petition for leave should have been filed within 30 days of the date that the Surrogate's Court's prior order was served (March 17, 2020), but stated that the closing of the Court "to all but essential matters" pursuant to "Administrative Orders AO/3/20 *et seq*" tolled the deadline by which his petition had to be filed. Rosen contends that he tendered the petition, but the Surrogate's Court Clerk refused to accept the filing of this petition. A copy of the Surrogate's Court's docket in the record reflects that no motion for leave to renew and reargue was filed.

¶ 10    In June 2020, the Estate filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). The Estate argued that the claims should be dismissed pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)) because (1) there were two prior actions pending in New York between the same parties involving the same cause (see *id.* § 2-619(a)(3)), (2) the claims were barred by a prior judgment (see *id.* § 2-619(a)(4)), and (3) the claims were barred by the Statute of Frauds (see *id.* § 2-619(a)(7)). The

Estate also argued that the claims should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) as legally insufficient.

¶ 11     In August 2020, the trial court entered its order dismissing Rosen's claims with prejudice pursuant to section 2-619(a)(3). The court concluded that both the New York Khimm lawsuit and Surrogate's Court proceeding were cases pending that involved the same parties and the same cause. It also concluded that several factors weighed in favor of dismissal pursuant to *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447–48 (1986). Rosen timely appealed.

¶ 12                                   II. ANALYSIS

¶ 13     On appeal, Rosen contends that the trial court erred in several respects. First, the Surrogate's Court proceeding was not a case "pending" within the meaning of section 2-619(a)(3), because his claim had been rejected. Although the Surrogate's Court proceeding as a whole remained "pending," his claim against the Estate had been rejected. Second, the Khimm lawsuit was not a case between the "same parties" or the "same cause." He argues that Khimm is not a party to the instant case, despite being nominally named as a co-executor of the Estate, and that his claims against her are entirely distinct from his claims against the Estate. He further contends that the trial court erred in its application of the *Kellerman* factors.

¶ 14     Section 2-619(a)(3) provides that a "[d]efendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon [the ground that] *** there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3). Section 2-619 further provides that "[i]f the grounds [for dismissal] do not appear on the face of the pleading attacked the motion shall be supported by affidavit." *Id.* § 2-619(a). Moreover, the movant must "demonstrate through clear and convincing evidence that the two actions involve both the same parties and the same cause." *Hapag-Lloyd (America), Inc. v. Home Insurance Co.*,

312 Ill. App. 3d 1087, 1091 (2000). Once the threshold showing has been made that another action is pending between the same parties and for the same cause, the trial court should consider several factors in reaching its ruling: "comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum." *Kellerman*, 112 Ill. 2d at 447-48 (applying *Kellerman* factors to trial court's decision to stay action); see also *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 789 (1998) (applying *Kellerman* factors to trial court's decision to dismiss action).

¶ 15    "Section 2-619(a)(3) is an 'inherently procedural' device aimed at avoiding duplicative litigation [citation], and it should be construed liberally." *Schmidt v. Gaynor*, 2019 IL App (2d) 180426, ¶ 9. A trial court's ruling on a section 2-619(a)(3) motion to dismiss is reviewed for an abuse of discretion. *Kellerman*, 112 Ill. 2d at 447. A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable. *Schacht v. Lome*, 2016 IL App (1st) 141931, ¶ 34.

¶ 16    Here, the trial court granted the Estate's motion to dismiss pursuant to section 2-619(a)(3). In its order, the court stated,

> "There are two separate cases pending in the state of New York involving the same parties and issues. One involving the estate of the deceased, pending in the surrogate court of New York; and one brought by the plaintiff against Ms. Khimm, the widow of the deceased, pending in the [] supreme court of New York."

After making the threshold determination that section 2-619(a)(3) applied, the court then discussed the *Kellerman* factors and dismissed with prejudice.

¶ 17    We agree with Rosen that the Khimm lawsuit does not support dismissal pursuant to section 2-619(a)(3) because the "same parties" requirement is not satisfied. The Estate contends

that the requirement is satisfied, stating, "[I]n the New York Lawsuit, as here, Plaintiff is suing Christina, albeit in her individual capacity in the New York Lawsuit and as a Co-Executor of the Estate in this case." In support, the Estate cites *Performance Network Solutions, Inc. v. Cyberklix US, Inc.*, 2012 IL App (1st) 110137, ¶ 30, for the proposition that "the 'same parties' requirement of section 2-619(a)(3) is satisfied where the litigants' interests are sufficiently similar, even though the litigants differ in name or number." (Internal quotation marks omitted.) The court in *Performance Network Solutions* held that a prior Canadian lawsuit involving the same nominal parties, with the exception of Cyberklix's CEO, who was added to the Illinois lawsuit, satisfied the requirement. *Id.*

¶ 18    This case is readily distinguishable. As Rosen contends, Khimm was named as a party to this proceeding "as a formality as she is a legal executor of the Estate of Deceased." Khimm's interests in her individual capacity diverge from her interests as executor of the Estate. In the Khimm lawsuit, her interest is to deny wrongdoing and to avoid a judgment against her personal assets. In this case, her interest is to fulfill her fiduciary duties as executor of the Estate, including to distribute assets to satisfy any judgment against the Estate. Thus, if Rosen were to prevail in this case, Khimm would owe a duty to divert assets of the Estate to Rosen and her interests would thus conflict with her interests to avoid personal liability, thus preserving more of decedent's estate for herself, in the Khimm lawsuit. We find Rosen's argument persuasive and conclude that the Khimm lawsuit does not trigger section 2-619(a)(3). Thus, the trial court's conclusion that Khimm lawsuit involved the same parties was unreasonable and an abuse of discretion.

¶ 19    Whether the Surrogate's Court proceeding is a case "pending" within the meaning of section 2-619(a)(3) is not as straightforward. There is little case law discussing this threshold

requirement, though we have identified two cases which arguably support Rosen's position: *Bernhardt v. Fritzshall*, 9 Ill. App. 3d 1041 (1973), and *Davis v. Robinson*, 374 Ill. 553 (1940).

¶ 20     In *Bernhardt*, a secondary lender petitioned to intervene in a chancery proceeding after the borrower's primary lender filed a suit for foreclosure. The secondary lender subsequently filed a complaint in the trial court, then moved to withdraw his chancery petition. The borrower moved to dismiss the secondary lender's complaint in the trial court under section 48(1)(c) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, ¶ 48(1)(c)), the predecessor of section 2-619(a)(3). *Bernhardt*, 9 Ill. App. 3d at 1044-45 (section 48(1)(c) provided "Defendant may *** file a motion for dismissal * * * upon any of the following grounds ***: (c) That there is another action pending between the same parties for the same cause."). The chancery court granted the secondary lender's petition to withdraw, and the trial court thereafter denied the borrower's section 48(1)(c) motion. The borrower appealed.

¶ 21     The appellate court affirmed, concluding that the chancery proceeding was no longer "pending" within the meaning of section 48(1)(c), after the secondary lender's petition to intervene had been withdrawn. *Id.* at 1045. The court stated, "If a prior action for the same cause has been abandoned, *dismissed* or withdrawn, the second action cannot be dismissed under section 48(1)(c)." (Emphasis added.) *Id.* (citing *Davis*, 374 Ill. at 556). The court further explained that the section 48(1)(c) motion became "moot" after the secondary lender's petition to intervene was withdrawn. *Id.*

¶ 22     In *Davis*, the plaintiffs filed an ejectment suit in the trial court but later obtained leave to dismiss the suit. The plaintiffs then refiled their claim against the same defendants. That same day, the defendants filed a motion, in the first proceeding, to vacate the order of dismissal. The motion was never resolved. The second suit proceeded, and the trial court entered a directed verdict for

the plaintiffs. The defendants appealed, arguing that their motion to vacate the order of dismissal in the first suit made that case "pending" and precluded entry of judgment in the second proceeding. The appellate court disagreed, concluding that the defendant's motion did not make the first suit "pending," noting, "By the dismissal of the former suit the parties were out of court and all further proceedings were unauthorized until the judgment of dismissal was vacated and the cause reinstated." *Davis*, 374 Ill. at 556.

¶ 23    *Bernhardt* and *Davis* stand for the proposition that once a claim has been dismissed, the claim cannot be said to be "pending" under section 2-619(a)(3). If the party whose claim was dismissed is no longer otherwise a party to the litigation, then there is not "another action pending between the same parties for the same cause" for purposes of section 2-619(a)(3). 735 ILCS 5/2-619(a)(3). This is especially true where the time to appeal the dismissal in the prior proceeding has lapsed and the plaintiff thus cannot appeal. Moreover, this construction is consistent with the purpose of section 2-619(a)(3), which is to avoid duplicative litigation. See *Schmidt*, 2019 IL App (2d) 180426, ¶ 9. Since Rosen's petition in the Surrogate's Court proceeding was rejected by the Surrogate's court and is no longer pending, we conclude that the trial court abused its discretion when it ruled that the Surrogate's Court proceeding was a case "pending" within the meaning of section 2-619(a)(3). Because neither New York proceeding satisfied the threshold requirements of section 2-619(a)(3), the trial court's dismissal of Rosen's claims pursuant to that section was improper.

¶ 24    The above conclusion does not end our analysis, however, as the appellate court may affirm on any basis supported by the record. *BankUnited, National Association v. Giusti*, 2020 IL App (2d) 190522, ¶ 14. The Estate argues, in the alternative, that dismissal would have been proper under its section 2-619(a)(4) (*res judicata*) motion to dismiss. Under section 2-619(a)(4), dismissal

is appropriate where the cause of action is barred by a prior judgment. 735 ILCS 5/2-619(a)(4) (West 2020). *Res judicata* bars subsequent claims when (1) a court of competent jurisdiction renders a final judgment on the merits, (2) there is an identity of cause of action, and (3) there is an identity of parties. *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶ 45. Matters actually decided as well as matters that could have been decided are barred. *Id.* ¶ 44. Rulings on a motion to dismiss pursuant to section 2-619(a)(4) are reviewed *de novo*. *Hapag-Lloyd (America), Inc.*, 312 Ill. App. 3d at 1090. Our review of the record discloses that Rosen's action is indeed barred by the doctrine of *res judicata* and that it should have been dismissed pursuant to section 2-619(a)(4).

¶ 25    Rosen does not contest that the claim he filed in the Surrogate's Court involved the same cause of action and the same parties. Instead, he contests that the Surrogate's Court's disposition of the claim constituted a final judgment on the merits. We disagree.

¶ 26    In New York courts, "The general rule is that every decree of the Surrogate's Court is conclusive as to all matters embraced therein against every person over whom jurisdiction was obtained." *In re Hunter*, 775 N.Y.S.2d 42, 45, 50 (N.Y. App. Div. 2004), *aff'd*, 827 N.E.2d 269, 275 (N.Y. 2005) (concluding that *res judicata* barred petitioner's claim against executor of estate where prior Surrogate's Court's decree had released executor from all further liability as to matters embraced in the decree, including petitioner's claim); see also *In re Schaefer*, 221 N.E.2d 538, 540 (N.Y. 1966) ("It is well settled that a Surrogate's decree is conclusive as to all matters contained therein"). Further, a dismissal on Statute of Frauds grounds is considered a ruling on the merits in New York. *Dafna v. Homapour*, 61 N.Y.S.3d 235, 236 (N.Y. App. Div. 2017).

¶ 27    The Surrogate's Court rejected Rosen's petition in its entirety, citing New York's Statute of Frauds and case law explaining that the Statute of Frauds bars claims similar to Rosen's. See

N.Y. Est. Powers & Trusts Law § 3-2.1 (McKinney 2020); N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney 2020); *In re Estate of Hennel*, 80 N.E.3d 1017 (N.Y. 2017).

¶ 28   Rosen argues that the Surrogate's Court's disposition should not be construed as a final judgment on the merits because he had no opportunity to appeal the decision. He contends that he timely submitted a motion to renew and reargue his claim, but the Surrogate's Court's Clerk refused to file his motion. He further contends: "[He] had no way of knowing that the Trial Court would dismiss the Illinois Action. By the time the Trial Court issued its Final Order, over five months had passed since the Surrogate Court order, too long a period to seek an appeal."

¶ 29   Rosen fails to support his contention in this regard with any evidentiary support in the record. Moreover, the argument lacks merit. Indeed, a final judgment, such as the instant statute of frauds finding, can serve as the basis to apply the doctrine of *res judicata* even where that judgment is on appeal. *Illinois Founders Insurance Co. v. Guidish,* 248 Ill. App. 3d 116, 120 (1993). Here, of course, as Rosen concedes, no motion to reconsider or appeal was filed after the Surrogate Court rejected his petition due to the statute of frauds. Rosen has pointed us to no cases, nor can we conceive of a rationale, for holding that the failure to file an appeal somehow defeats application of the *res judicata* doctrine.

¶ 30   We conclude that the Surrogate's Court rejected Rosen's claim against the Estate on Statute of Fraud grounds, and that this judgment was conclusive under New York law such that *res judicata* would bar relitigation of the issues. See *Dafna,* 61 N.Y.S.3d at 236. This is similarly so in Illinois. *Hamson v. Lionberger*, 87 Ill. App. 2d 281 (1967) (abstract of opinion) (dismissal of a claim on Statute of Fraud grounds is a ruling on the merits). Thus, the Surrogate's Court's ruling constitutes a final judgment on the merits for purposes of *res judicata* in Illinois. In that we conclude that dismissal of Rosen's claims as barred by prior judgment pursuant to section 2-

619(a)(4) would have been proper, we need not address the parties' remaining arguments concerning the propriety of dismissal under sections 2-619(a)(7) or 2-615.

¶ 31                                    III. CONCLUSION

¶ 32     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 33     Affirmed.