Matter of Wydra v Brach (2022 NY Slip Op 02129)





Matter of Wydra v Brach


2022 NY Slip Op 02129


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-05301
 (Index No. 27286/10)

[*1]In the Matter of Edward Wydra, et al., respondents,
v
Mendel Brach, et al., appellants, et al., intervenors.


Abrams Fensterman, LLP, Brooklyn, NY (Susan Mauro, Robert A. Spolzino, and Smith Buss & Jacobs, LLP, of counsel), for appellant Mendel Brach, and J. Michael Gottesman, Kew Gardens, NY, for appellants Moshe Roth, also known as Mozes Roth, New Hewes Tenant, LLC, Hewes Standing, LLC, Hewes Standing, LLC, and Lodge Road, LLC, a joint venture, Hewes Standing 2, LLC, Hewes Views, LLC, 4217-4223 NU, LLC, also known as New Utrecht, LLC, Cimarron Lake Estates, LLC, Quality Estates, LLC, Franskill Development, LLC, Flushing Place, Inc., also known as Flushing Place, LLC, Bedford Place, Inc., also known as Bedford Place, LLC, 405 Bedford Avenue Development Corp., Hewes Views, Inc., 222 Skillman, LLC, 222 Skillman I, LLC, 652 Park, LLC, 420 Marcy, LLC, also known as 420 Marcy Avenue, LLC, Frankwink Properties, LLC, 189 Spencer, LLC, 416 Bedford Avenue, LLC, also known as 401 Bedford, LLC, and 519 Marcy, LLC, also known as 519 Marcy Avenue, LLC (one brief filed).
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Kenneth L. Gartner and Perry Balagur of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 9, 2012, the appeal is from an amended judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated April 2, 2018. The amended judgment, upon an order of the same court (Jack M. Battaglia, J.) dated January 30, 2014, inter alia, modifying the arbitration award, granting the petition to confirm the arbitration award as modified, and denying the appellants' cross motion to vacate the arbitration award, among other things, confirmed the arbitration award as modified and awarded the petitioners the principal sum of $20,489,221.72.
ORDERED that the appeal is dismissed, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 9, 2012. In an order dated January 30, 2014, the Supreme Court, inter alia, modified the arbitration award, confirmed the award as so modified, and denied the appellants' cross motion to vacate the award. However, in an order dated August 13, 2015, the court, upon renewal, in effect, vacated the prior determination, and thereupon, granted the cross motion and remitted the matter to the rabbinical court which had issued the award for a rehearing and new determination thereafter. The petitioners appealed from the order dated August 13, 2015, and in a decision and order dated November 16, 2016, this Court reversed the order and denied the appellants' motions for leave to renew their cross motion to vacate the arbitration award (see Matter of Wydra v Brach, 144 AD3d 932).
On March 23, 2017, the Supreme Court issued a judgment based upon the arbitration award as modified. Thereafter, the parties stipulated to an award of an attorney's fee. On April 2, [*2]2018, the court issued an amended judgment, which, among other things, confirmed the arbitration award as modified and awarded the petitioners the principal sum of $20,489,221.72. This appeal ensued.
"Orderly and correct procedure requires that the Appellate Division should not review a judgment existing by reason of its decision and order" (Logan v Guggenheim, 230 NY 19, 22). Accordingly, CPLR 5501(a)(1) provides that an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment . . . provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken."
Here, this Court previously reviewed the underlying orders, including the order dated August 13, 2015 (see Matter of Wydra v Brach, 144 AD3d at 932), and thus, those orders are not brought up for review on this appeal from the amended judgment. The appellants have not identified any nonfinal judgment or order which is brought up for review and from which they seek relief. Thus, the appellants' attempt at a "double appeal[ ]" from previously reviewed determinations cannot be countenanced (Logan v Guggenheim, 230 NY at 21), and the subject appeal must be dismissed.
The appellants' contention that the amended judgment failed to conform to the arbitration award is not properly before this Court (see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 114 AD3d 935; Sass v Sass, 66 AD3d 562; Rowley v Amrhein, 64 AD3d 469, 470).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court