Matter of American Tr. Ins. Co. v Patient Care Assoc. (2026 NY Slip Op 01783)

Matter of American Tr. Ins. Co. v Patient Care Assoc.

2026 NY Slip Op 01783

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2024-03960
 (Index No. 511445/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vPatient Care Associates, etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated January 23, 2022, Patient Care Associates appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 9, 2024. The order and judgment, insofar as appealed from, upon an order of the same court dated September 20, 2023, denying those branches of the motion of Patient Care Associates which were to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(4)(j) for an award of reasonable attorneys' fees, denied the same relief to Patient Care Associates.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, the master arbitration award dated January 23, 2022, is confirmed, that branch of the motion of Patient Care Associates which was to confirm the master arbitration award is granted, the order dated September 20, 2023, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees, if any, to be awarded to Patient Care Associates and the entry of an appropriate amended order and judgment thereafter.
In April 2022, American Transit Insurance Company (hereinafter the petitioner) commenced this proceeding against Patient Care Associates (hereinafter Patient Care) pursuant to CPLR article 75 to vacate a master arbitration award dated January 23, 2022, entered in favor of Patient Care. In an order dated March 30, 2023, the Supreme Court denied the petition, finding that the petitioner failed to demonstrate that the master arbitration award was arbitrary and capricious. Thereafter, Patient Care moved, inter alia, to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(4)(j) for an award of reasonable attorneys' fees. In an order dated September 20, 2023, the court, among other things, denied those branches of Patient Care's motion. Thereafter, the court issued an order and judgment dated April 9, 2024, among other things, denying the same relief to Patient Care. Patient Care appeals.
Upon denying a motion to vacate or to modify an arbitration award, the court must confirm the award (see CPLR 7511[e]; Matter of Klein v GEICO Gen. Ins. Co., 109 AD3d 825, 826; Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C., 67 AD3d 1017, 1017-1018; Matter of Exclusive Med. & Diagnostic v Government Empls. Ins. Co., 306 AD2d 476). As the petitioner [*2]concedes, given the Supreme Court's denial of the petition to vacate the master arbitration award, the award must be confirmed (see CPLR 7511[e]).
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." "[T]he superintendent's regulations provide that an attorney's fee for services rendered in connection with a 'court appeal from a master arbitration award . . . shall be fixed by the court adjudicating the matter'" (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705, quoting 11 NYCRR 65-4.10[j][4]).
The petitioner's contention that Patient Care is not entitled to an award of attorneys' fees because a claim submitted by Patient Care exceeded the fee schedule in violation of 11 NYCRR 65-4.6(h) is improperly raised for the first time on appeal and, thus, is not properly before this Court (see Matter of Wydra v Brach, 203 AD3d 1169, 1170; Matter of Dedvukaj v Shkreli, 180 AD3d 895, 897). Patient Care did not have an opportunity to refute this contention, which is not solely an issue of law (see Materrese v New York City Health & Hosps. Corp., 247 AD3d 475). Under the circumstances, remittal is necessary to determine the issue of whether, and in what amount, an award of reasonable attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) should be awarded to Patient Care (see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees, if any, to be awarded to Patient Care and the entry of an appropriate amended order and judgment thereafter (see id.).
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court