Matter of American Tr. Ins. Co. v Allied Bd. Certified Physicians (2026 NY Slip Op 01782)

Matter of American Tr. Ins. Co. v Allied Bd. Certified Physicians

2026 NY Slip Op 01782

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2024-02478
 (Index No. 512388/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vAllied Board Certified Physicians, etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated January 30, 2022, in which Allied Board Certified Physicians, as assignee of Chong Sok So, cross-petitioned, among other things, to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees, Allied Board Certified Physicians appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated January 16, 2024. The judgment, insofar as appealed from, upon so much of an order of the same court dated March 3, 2023, as denied that branch of the cross-petition of Allied Board Certified Physicians which was to confirm the master arbitration award, upon an order of the same court dated July 31, 2023, denying the motion of Allied Board Certified Physicians to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees, and upon so much of an order of the same court dated November 22, 2023, as denied those branches of the separate motion of Allied Board Certified Physicians which were to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees, denied those branches of the cross-petition which were to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the master arbitration award is confirmed, that branch of the cross-petition of Allied Board Certified Physicians which was to confirm the master arbitration award is granted, that branch of the motion of Allied Board Certified Physicians which was to confirm the master arbitration award is granted, that branch of the separate motion of Allied Board Certified Physicians which was to confirm the master arbitration award is granted, the orders dated March 3, 2023, July 31, 2023, and November 22, 2023, are modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees, if any, to be awarded to Allied Board Certified Physicians and the entry of an appropriate amended judgment thereafter.
In April 2022, American Transit Insurance Company (hereinafter the petitioner) commenced this proceeding against Allied Board Certified Physicians (hereinafter Allied), as assignee of Chong Sok So, pursuant to CPLR article 75 to vacate a master arbitration award dated January 30, 2022, entered in favor of Allied. Allied cross-petitioned, inter alia, to confirm the master [*2]arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees. In an order dated March 3, 2023, the Supreme Court, among other things, denied the petition, finding that the petitioner failed to demonstrate that the master arbitration award was arbitrary and capricious, and denied the cross-petition. In an order dated July 31, 2023, the court denied Allied's motion, inter alia, to confirm the master arbitration award. In an order dated November 22, 2023, the court denied those branches of Allied's separate motion which were to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees. Thereafter, in a judgment dated January 16, 2024, the court, among other things, denied those branches of the cross-petition which were to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees. Allied appeals.
Upon denying a motion to vacate or to modify an arbitration award, the court must confirm the award (see CPLR 7511[e]; Matter of Klein v GEICO Gen. Ins. Co., 109 AD3d 825, 826; Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C., 67 AD3d 1017, 1017-1018; Matter of Exclusive Med. & Diagnostic v Government Empls. Ins. Co., 306 AD2d 476). As the petitioner concedes, given the Supreme Court's denial of the petition to vacate the master arbitration award, the award must be confirmed (see CPLR 7511[e]).
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." "[T]he superintendent's regulations provide that an attorney's fee for services rendered in connection with a 'court appeal from a master arbitration award . . . shall be fixed by the court adjudicating the matter'" (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705, quoting 11 NYCRR 65-4.10[j][4]).
The petitioner's contention that Allied is not entitled to an award of attorneys' fees because a claim submitted by Allied exceeded the fee schedule in violation of 11 NYCRR 65-4.6(h) is improperly raised for the first time on appeal and, thus, is not properly before this Court (see Matter of Wydra v Brach, 203 AD3d 1169, 1170; Matter of Dedvukaj v Shkreli, 180 AD3d 895, 897). Allied did not have an opportunity to refute this contention, which is not solely an issue of law (see generally Materrese v New York City Health & Hosps. Corp., 247 AD3d 475). Under the circumstances, remittal is necessary to determine the issue of whether, and in what amount, an award of reasonable attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) should be awarded to Allied (see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees, if any, to be awarded to Allied and the entry of an appropriate amended judgment thereafter (see id.).
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court