(No. 25714.—

JAMES E. DAVIS *et al.* Appellees, *vs.* MAUDE ROBINSON *et al.* Appellants.

*Opinion filed October 15, 1940—Rehearing denied Dec. 10, 1940.*

D. F. MOORE, and EOVALDI & EOVALDI, for appellants.

EVERETT LEWIS, and ROY C. MARTIN, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

July 11, 1939, James E. Davis and Minnie M. Davis began an action of ejectment in the circuit court of Franklin county against Maude Robinson, John C. Robinson, Esther Robinson and William Robinson. At the conclusion of all the evidence the court directed a verdict for plaintiffs. This appeal is from the judgment entered on such verdict.

The property involved consists of certain lots located in the city of Sesser. J. H. Vetters acquired title to the lots in 1920 and his grantors held in a connected chain of title from the government. Vetters erected a house on the lots and occupied them as a homestead until 1924 when he moved to the city of Rockford. In 1924, he executed a warranty deed to Gertrude Vetters, who was his wife, and Carol Vetters, his daughter. June 20, 1938, all the Vetters conveyed the lands by quitclaim deed to plaintiffs. The Vetters' title was subject to certain mineral right restrictions which interests are not in controversy in this case and need not be considered. When the Vetters removed from the property they began renting it. About 1930, Edward Otey moved in as Vetters' tenant. After occupying the premises for three years he vacated in 1934, and surrendered the keys and possession to M. E. Robinson and Maude Robinson, who were husband and wife. Otey paid rent for a part of the time he occupied the premises, and made certain improvements thereon. The Robinsons' possession was without the consent, knowledge or authorization of any of the Vetters. M. E. Robinson paid Otey for the repairs he had made to the property. M. E. Robinson died December, 1938, and left surviving the defendant Maude Robinson, his widow, and the other defendants, his children, and only heirs-at-law.

M. E. Robinson and, after his death, the defendants, have been in continuous possession of the property since 1934. They do not claim to have a title upon which they can base the right to possession of the property but argue

that since plaintiffs must recover on the strength of their own title they have not proven a case which entitles them to a judgment. Defendants contend, as grounds for reversal, that the court erred in refusing to permit them to plead a judgment entered in a forcible entry and detainer action as an estoppel, a prior suit pending, error in the rejection and admission of evidence and that plaintiffs were not entitled to a directed verdict.

August 12, 1938, plaintiffs began an action of forcible entry and detainer against M. E. Robinson and Maude Robinson before a justice of the peace to recover possession of the lots in question. On appeal to the circuit court plaintiffs voluntarily announced that their right of recovery was based on clauses 1 and 3 of section 2 of the Forcible Entry and Detainer act. The case was tried on that theory and, on appeal, the Appellate Court reversed a judgment in·favor of the plaintiffs. (*Davis* v. *Robinson,* 302 Ill. App. 365.) Defendants in this case, by answer and offer of proof, seek to set up the judgment in the forcible entry and detainer suit in bar.

The general rule is that a judgment in an action of forcible entry and detainer can not be pleaded as a bar to a suit in ejectment for the reason the questions involved in the two proceedings are not identical. The object of the action of ejectment. is to try the title to the property, while in an action of forcible entry and detainer the immediate right of possession is all that is involved and the title can not be inquired into for any purpose. (*Neill* v. *Chavers,* 348 Ill. 326; *Riverside Co.* v. *Townshend,* 120 id. 9; *Kepley* v. *Luke,* 106 id. 395.) The Appellate Court expressly limited its holding to the issues presented which involved plaintiffs' right to recover under said clauses 1 and 3. The evidence did not show that plaintiffs had ever been in possession, which was a requisite to recovery under clause 1, and the lots were not vacant and unoccupied as required by clause 3. Neither of these questions is involved in the

instant case and the judgment in the forcible entry and detainer action was not a bar to the present proceeding.

In January, prior to the filing of the instant suit, plaintiffs began an action in ejectment for the same lots involved in this proceeding. During the trial they obtained leave of court to dismiss the suit. The day the present case was filed, which was within thirty days from the date the order of non-suit was entered, defendants filed a motion in the former suit to vacate the order of dismissal. Defendants now claim that by filing of the motion, although undisposed of, the former suit was still pending and this action can not be maintained for that reason.

By the dismissal of the former suit the parties were out of court and all further proceedings were unauthorized until the judgment of dismissal was vacated and the cause reinstated. (*Chicago Title and Trust Co.* v. *Tilton,* 256 Ill. 97.) The only recourse plaintiffs had thereafter was to bring a new action. (*Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541.) Defendants' pending motion to set aside the judgment of dismissal did not serve to keep the suit pending so that it could be pleaded as a pending action in this case. 1 Corpus Juris, 98.

The objections to the court's ruling on evidence arose out of defendants' contention for the right to introduce evidence in reference to the judgment entered in the forcible entry and detainer action and the prior suit. The court's rulings on these matters were in accord with what has been said. The evidence is undisputed that plaintiffs have a connected chain of title from the government, and defendants were in possession of the property without semblance of title, consent of the owners or by the payment of rent. There was no error in directing a verdict for the plaintiffs.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*