2023 IL App (1st) 220514

First District
Third Division
June 14, 2023

No. 1-22-0514

| | | |
|---|---|---|
| MARK GALAVIZ, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIETUS RESTORATION, INC.; STANISLAW | ) | Appeal from the Circuit Court |
| MIETUS; LUKAS CONSTRUCTION & ROOFING, | ) | of Cook County. |
| INC.; CATHEDRAL CARPENTRY, INC.; | ) | |
| AFFORDABLE CONSTRUCTION & ELECTRICAL | ) | No. 2018 L 3805 |
| SERVICES, INC.; AGATA J. BIELUT; STANLEY & | ) | |
| SONS CONSTRUCTION, INC.; FATHER & SONS | ) | The Honorable |
| PLUMBING & SEWER CORP.; and BARAJAS | ) | Michael F. Otto, |
| CONSTRUCTION, LLC, | ) | Judge Presiding. |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Mietus Restoration, Inc., | ) | |
| Defendant-Appellee). | ) | |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Burke concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff Mark Galaviz filed a lawsuit against, *inter alia*, defendant Mietus Restoration, Inc., the remodeler and seller of a single-family home purchased by plaintiff, seeking to recover damages for alleged misrepresentations made in the course of the sale. A few weeks later, plaintiff filed a duplicate lawsuit against the same parties. The second lawsuit was dismissed for want of prosecution (DWP), and plaintiff subsequently voluntarily dismissed the original lawsuit. Eleven months after the entry of the DWP order, plaintiff filed a motion to vacate the DWP, which was granted. Defendant later filed a motion to dismiss, claiming that the circuit

court lacked jurisdiction to vacate the DWP, as the motion to vacate was filed more than 30 days after the entry of the order and plaintiff was not entitled to refile the action. The circuit court agreed, finding that it lacked jurisdiction to vacate the DWP, and vacated its order, as well as all subsequent orders issued in the case. Plaintiff now appeals and, for the reasons that follow, we reverse.

¶ 2                                                                 BACKGROUND

¶ 3        On March 30, 2018, plaintiff filed a complaint in case no. 2018 L 003246 (case 3246), against "Mietus Construction, Inc." and a number of other defendants, alleging, *inter alia*, breach of contract, breach of the implied warranty of habitability, and unjust enrichment in relation to plaintiff's purchase of a single-family home on Kolin Avenue in Chicago. Specifically, plaintiff alleged that "Mietus Construction, Inc.," the seller of the home, was aware of and concealed problems with the building's foundation, shoddily installed plumbing in the course of renovating the property, and failed to correct issues with the "pitch" of the sidewalk, which could lead to water seepage. Case 3246 was assigned to calendar N, but it does not appear that any summons was issued to any of the defendants. According to the clerk of the circuit court of Cook County's electronic case summary, it appears that the case was set for an initial status hearing on May 25, 2018, at which time it was continued until June 28, 2018. On June 28, 2018, case 3246 was voluntarily dismissed without prejudice, with leave to refile.

¶ 4        While the above proceedings were ongoing, on April 13, 2018, plaintiff electronically filed a complaint in case no. 2018 L 003805 (case 3805), which was identical to the complaint filed in case 3246—indeed, the complaint filed in case 3805 still bore the file stamp and case number

for case 3246. Case 3805 was assigned to calendar U,[1] and plaintiff issued summons to the named defendants on the same day. The case was also set for an initial status hearing on June 7, 2018. On June 7, 2018, the case was DWP'd, and an electronic notice of the DWP was sent to plaintiff's then-counsel.[2]

¶ 5        Thus, the sequence of events with respect to cases 3246 and 3805 was as follows: (1) case 3246 was filed on March 30, 2018, (2) case 3805 was filed on April 13, 2018, (3) case 3805 was DWP'd on June 7, 2018, and (4) case 3246 was voluntarily dismissed on June 28, 2018.

¶ 6        Eleven months later, on May 6, 2019, plaintiff filed a motion to vacate the DWP order in case 3805, claiming that he had not been informed of the entry of the order by his attorney at the time and did not learn of the DWP until several months later. Plaintiff further claimed that there was a "breakdown in communication" with his former attorney, who no longer represented him, and that he had retained new counsel. Plaintiff maintained that he was entitled to reinstate the case within one year of the entry of the DWP order, pursuant to section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994)),[3] so long as the case had not previously been reinstated under section 13-217. Plaintiff claimed that "[p]rior to the DWP entered on May 7, 2018, the instant case had never been DWP'd, voluntarily dismissed or reinstated pursuant to [section 13-217]." The motion to vacate did not refer to the voluntary

---

[1] The trial judge assigned to calendar U at the time of the filing was not the same trial judge assigned to calendar U at the time of the dismissal order at issue on appeal, as the original judge retired in 2019.

[2] We note that the electronic notice states that the case was DWP'd "on 05/07/2018." The DWP order, however, was entered on June 7, 2018.

[3] Public Act 89-7, which amended section 13-217 of the Code effective March 1995 (Pub. Act 89-7 (eff. Mar. 9, 1995)), was held to be unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, the effective version of section 13-217 of the Code is the version in effect prior to the March 1995 amendment. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008); *Eighner v. Tiernan*, 2021 IL 126101, ¶ 1 n.1.

dismissal of case 3246. The circuit court granted plaintiff's motion to vacate on May 21, 2019, and gave plaintiff leave to file an amended complaint.

¶ 7    Plaintiff filed an amended complaint, which still listed "Meitus [*sic*] Construction, Inc." as a defendant. In addition to the previously alleged counts for breach of contract, breach of the implied warranty of habitability, and unjust enrichment, plaintiff also added a count against "Mietus Construction, Inc." for violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2018)), a count which had previously been raised only against the other defendants. In the process of serving the summons and complaint, plaintiff's counsel learned that Mietus Construction, Inc., was not involved in the instant case and that defendant—Mietus Restoration, Inc.—was the appropriate party. Accordingly, plaintiff voluntarily dismissed Mietus Construction, Inc., from the case and received leave to file a second amended complaint with defendant named as a party.

¶ 8    The second amended complaint was filed on January 31, 2020, and defendant was served on February 9, 2020.[4] In the second amended complaint, plaintiff alleged that defendant Stanislaw Mietus (Mietus) was a shareholder of defendant, was personally involved in defendant's work, and acted on behalf of defendant; while Mietus had been named as a defendant in the earlier versions of the complaint, neither the original nor the first amended complaint had included allegations of agency between Mietus and "Mietus Construction, Inc."[5] The second amended complaint also added a number of allegations detailing conduct which Mietus took on defendant's behalf, such as hiring and supervising various subcontractors, and alleged that Mietus made misrepresentations on defendant's behalf both orally and in writing.

_____

[4] We note that plaintiff's case was briefly DWP'd a second time on February 6, 2020, when plaintiff's counsel failed to appear in court due to a scheduling error. Plaintiff filed a motion to vacate the DWP the same day, and it was "reluctantly" vacated on May 1, 2020.

[5] The record suggests that there is no relationship between Mietus and Mietus Construction, Inc.

Finally, the second amended complaint added a second count for breach of contract in addition to the counts for breach of contract, unjust enrichment, violation of the Consumer Fraud Act, and breach of the implied warranty of habitability which had been raised in the first amended complaint.

¶ 9 In February 2021, plaintiff filed a motion for entry of default judgment against several defendants who had been served but who had not appeared. In response, defendant filed an appearance and a motion to quash service, claiming that at the time of service, the case had been DWP'd, so any actions taken during that time "are a nullity" and, therefore, defendant was never properly served. The circuit court entered an order for default against the defendants who had not appeared and granted defendant's motion to quash service. In May 2021, defendant waived service of process, but did not waive any defenses it had with respect to service. Defendant then filed a motion to dismiss pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for failure to obtain service on defendant within the statute of limitations, which was denied. Defendant was given until September 30, 2021, to file its answer to the second amended complaint.

¶ 10 Instead, on September 29, 2021, defendant filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)), claiming that the case was barred by section 13-217 of the Code or, in the alternative, by *res judicata*; defendant amended its motion to dismiss on October 6, 2021, to address the recently-decided Illinois Supreme Court case of *Eighner v. Tiernan*, 2021 IL 126101. Defendant claimed that, when plaintiff filed case 3805 two weeks after filing case 3246, he was attempting to "forum shop" within the circuit court of Cook County, as he would have known which courtroom the case was assigned to immediately upon filing case 3246, since it was filed in person. Once he discovered which

5

judge would be hearing his case, plaintiff filed a new complaint in case 3805, which was assigned to a different courtroom, and voluntarily dismissed case 3246.

¶ 11    Defendant argued that section 13-217 of the Code permitted one refiling of a case and that case 3805 should be deemed a refiling of case 3246, such that plaintiff was not entitled to proceed anew. Defendant further argued that plaintiff had only 30 days to vacate the DWP, after which point the circuit court lost jurisdiction to entertain such a motion. As the motion to vacate the DWP was not filed until 11 months after the entry of the order, defendant claimed that the circuit court lacked jurisdiction to grant the motion.

¶ 12    In the alternative, defendant contended that the complaint should be dismissed on the basis of *res judicata*. Defendant maintained that, if case 3805 was not deemed to be a refiling of case 3246, then the voluntary dismissal of case 3246 operated as a final adjudication on the merits which barred plaintiff from relitigating the matter in case 3805.

¶ 13    In response, plaintiff denied that he was forum shopping when his prior attorney erroneously filed duplicate lawsuits. Plaintiff argued that defendant's claims concerning the matter were unsupported by affidavit, while plaintiff's current counsel submitted an affidavit in which he averred that former counsel had informed him that the duplicate filing was a clerical error.

¶ 14    Plaintiff further contended that the manner in which the DWP was vacated in case 3805 was entirely consistent with the supreme court's decision in *Eighner*, which concerned a voluntary dismissal, not a DWP order. In contrast to the voluntary dismissal at issue in *Eighner*, plaintiff claimed that vacating the DWP and reinstating case 3805 was the "approach specifically called for by 735 ILCS 5/2-1401(b) [(West 2020)]." Plaintiff also argued that,

6

since both case 3246 and case 3805 were pending simultaneously, one could not be considered a "refiling" or "reinstatement" of the other for purposes of section 13-217.

¶ 15　　　　On February 4, 2022, the circuit court entered an order finding that it had lacked jurisdiction to vacate the DWP. The circuit court first found that *res judicata* did not bar plaintiff's action, as the voluntary dismissal of case 3246 did not operate as a final judgment on the merits. It found that the "trickier question," however, was whether it had jurisdiction to vacate the DWP. The court found that, typically, it would "unequivocal[ly]" have jurisdiction to vacate a DWP order where a motion to vacate was filed more than 30 days but less than a year after the order was entered. While the court noted that *Eighner* recently held that a plaintiff had only 30 days to move to vacate a voluntary dismissal, "nothing indicates that the Court intended thereby to overrule its prior precedent regarding dismissals for want of prosecution." The circuit court, however, further found that the right to refile under section 13-217 was not unlimited, as a plaintiff is only permitted to refile their case once. While the court noted that the question before it was one of first impression—namely, whether refiling a matter *before* the previously-filed matter was dismissed was considered a "refiling" for purposes of section 13-217—in this case, the court found that the filing of case 3246 precluded plaintiff from refiling case 3805.

¶ 16　　　　The court observed that the complaint in 3805 was literally the same complaint which had previously been filed in case 3246, even bearing the same file stamp, and found that the policy concerns underlying the "one refiling" rule were applicable "where, as here, the plaintiff filed the same complaint multiple times in what, on its face, can only be logically perceived as forum shopping." The court found unpersuasive plaintiff's contention that the refiling was merely a clerical error, noting that plaintiff had submitted only an affidavit from his current attorney,

which contained "pure hearsay" as to his conversations with plaintiff's former counsel. The court further found that, if the refiling was a clerical error, then it would make "no sense whatsoever" to have voluntarily dismissed case 3246 after case 3805 had been DWP'd, when plaintiff could easily have proceeded with case 3246 instead of seeking to vacate the DWP. The circuit court found that, by filing case 3805—which it characterized as refiling case 3246—plaintiff had "used his 'one refiling' " and therefore no longer had the right to an automatic refiling under section 13-217. As such, the DWP order became final 30 days after its entry, after which point the court no longer had jurisdiction to vacate it. Consequently, the court found that the order vacating the DWP and all subsequent orders in the case "must be vacated for lack of jurisdiction."

¶ 17    The circuit court also rejected plaintiff's contention that section 2-1401 of the Code permitted the court to vacate the DWP. The court found that plaintiff had not proceeded under section 2-1401, nor did his motion comply with the requirements for a section 2-1401 petition. Accordingly, the court declined to characterize the motion to vacate as a section 2-1401 petition.

¶ 18    On March 8, 2022, plaintiff filed a motion to reconsider, as well as a motion to reopen proofs, seeking to file an affidavit from his former counsel as to the circumstances underlying the duplicate filings. In his motion to reconsider, plaintiff contended that (1) the DWP order was not a final order and was therefore subject to being vacated pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2020)) at the time that plaintiff filed his motion to vacate and (2) in the alternative, if plaintiff had been required to file a 2-1401 petition, the motion to vacate should have been construed as such a petition. The circuit court denied the motions,

finding that the analysis in its February 4, 2022, order was correct and finding that "it is not required to consider" the affidavit of plaintiff's former counsel. This appeal follows.

¶ 19                                    ANALYSIS

¶ 20    On appeal, plaintiff contends that the circuit court erred in finding that it lacked jurisdiction to vacate the DWP order, and further claims that the court erred in denying his motion to reopen proofs to include his former attorney's affidavit. Prior to considering the merits of plaintiff's claims, however, we first address the question of our jurisdiction over the instant appeal.

¶ 21                              *Appellate Jurisdiction*

¶ 22    During the briefing of the instant appeal, defendant raised the issue of our appellate jurisdiction several times, contending in its brief on appeal that we lack jurisdiction, since plaintiff failed to timely file his motion to reconsider in the court below. Plaintiff sought several extensions of time to supplement the record and file a reply brief addressing the matter. In granting such motions over defendant's objection, we ordered that the "timeliness issue" would be taken with the case. After reviewing the record on appeal and the parties' arguments, we find that we have jurisdiction over the instant appeal.

¶ 23    Illinois Supreme Court Rule 303(a) (eff. July 1, 2017) provides that a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, "or, if a timely posttrial motion directed against the judgment is filed," within 30 days after the entry of the order disposing of the last such motion. "[A]n untimely motion, or one not directed against the judgment, neither stays the judgment nor extends the time for appeal." (Internal quotation marks omitted.) *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 12. When a notice of appeal is untimely, we lack jurisdiction and must dismiss the appeal. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20.

¶ 24    In this case, plaintiff is challenging the circuit court's February 4, 2022, order, in which it determined that it had no jurisdiction to vacate the DWP. According to the record on appeal, plaintiff filed a motion to reconsider this order on March 8, 2022, which was denied on March 16, 2022. Plaintiff then filed a notice of appeal on April 14, 2022, within 30 days after the denial of the motion to reconsider. Defendant, however, contends that plaintiff's motion to reconsider was not timely filed and, therefore, the notice of appeal was required to be filed within 30 days of the February 4, 2022, order, which it clearly was not.

¶ 25    Thirty days after February 4, 2022, was March 6, 2022. That day, however, was a Sunday. Accordingly, the filing deadline would fall on the next business day. See 5 ILCS 70/1.11 (West 2020) (the time within which any act is to be done includes the last day, unless that day is a Saturday, Sunday, or holiday); *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 9 (a postjudgment motion is timely if it is filed within 30 days after the entry of judgment, with the deadline extended to the next business day if the thirtieth day falls on a weekend or court holiday). Typically, that would be Monday, and the parties argue as though that is the case here. What neither party appeared aware of until we raised it at oral argument, however, is that Monday, March 7, 2022, was Casimir Pulaski Day, which is a court holiday in the circuit court of Cook County. See Cook County Special Order 2021-28 (eff. July 1, 2021), https://www.cookcountycourt.org/ABOUT-THE-COURT/Legal-Court-Holidays [https://perma.cc/64DQ-QH68]. Thus, filing deadlines would extend to Tuesday, March 8, 2022. See *id.* ("All deadlines for filing motions and pleadings shall be extended to the court's next business day."). Plaintiff's March 8, 2022,  motion to reconsider was therefore timely filed. As the postjudgment motion was timely filed, the notice of appeal which was filed within 30 days of the disposition of that motion was also timely, and we have jurisdiction over the

instant appeal. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017). We therefore proceed to consider the merits of the parties' arguments on appeal.

¶ 26                                    *Section 2-619*

¶ 27        Defendant raised its jurisdictional argument in the context of a section 2-619 motion to dismiss. A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83 (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). When reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Additionally, a cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003). We review a dismissal under section 2-619 *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006); *Morr-Fitz, Inc.*, 231 Ill. 2d at 488. Additionally, even if the circuit court dismissed on an improper ground, a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004) (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record"); *In re Marriage of Gary*, 384 Ill. App. 3d 979, 987 (2008) ("we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground").

¶ 28                                          *Section 13-217 and DWPs*

¶ 29          We begin our analysis with a general overview of the interplay between DWPs and section

13-217 of the Code. A DWP is a type of involuntary dismissal which courts have always had

the inherent power to enter. *In re Estate of Young*, 2020 IL App (1st) 190392, ¶ 17. "Although

there is a preference for resolving cases on the merits [citation], a trial court may dismiss a

civil action due to the plaintiff's failure to prosecute with due diligence, in order to manage the

court's docket and avoid unnecessary burdens on the court and opposing parties. [Citation.]"

*Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 883 (2009).

¶ 30          If a case is DWP'd, section 13-217 of the Code generally gives the plaintiff the ability to

refile the action within one year of the entry of the order or until the expiration of the applicable

statute of limitations, whichever is longer. *S.C. Vaughan Oil Co. v. Caldwell, Troutt &*

*Alexander*, 181 Ill. 2d 489, 497 (1998). Thus, during the time in which refiling is available, the

DWP order is not final and appealable. *Id.* at 501-02. Accordingly, it is subject to vacatur under

section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2020)) anytime between the entry

of the DWP order and one year (plus 30 days) thereafter.[6] *Federal National Mortgage Ass'n*

*v. Tomei*, 2014 IL App (2d) 130652, ¶ 9; *Jackson v. Hooker*, 397 Ill. App. 3d 614, 618-19

(2010); *Progressive Universal Insurance Co. v. Hallman*, 331 Ill. App. 3d 64, 67-68 (2002);

---

[6] We note that our supreme court in *Eighner* held that an order allowing a voluntary dismissal may only be vacated—and the case reinstated—within 30 days of the dismissal order, after which the circuit court loses jurisdiction. *Eighner*, 2021 IL 126101, ¶ 24. A voluntary dismissal, however, is considered a final judgment for purposes of section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2020)). *Eighner*, 2021 IL 126101, ¶ 24 (citing *Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93, 105-06 (2004)). A DWP, by contrast, is not a final order until the expiration of the section 13-217 refiling period. *S.C. Vaughan*, 181 Ill. 2d at 501-02; *Flores v. Dugan*, 91 Ill. 2d 108, 112-13 (1982). Under section 2-1301(e) of the Code, the circuit court may set aside any default before final order or judgment or within 30 days thereafter. 735 ILCS 5/2-1301(e) (West 2020).

see also 735 ILCS 5/2-1301(e) (West 2020) (the court may set aside any default before final order or judgment or within 30 days after entry thereof).

¶ 31     We note that reinstatement of a case under section 2-1301(e) is not the same as refiling a case under section 13-217. Refiling a case "denotes a new case number, a new filing fee, and a new summons to issue." *Eighner*, 2021 IL 126101, ¶ 21. A case which has been refiled pursuant to section 13-217 is a "completely distinct action[ ]" from the original case. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997); see also *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 48 (the new case "is not a restatement of the old action, but an entirely new and separate action"). By contrast, where an order has been vacated, proceedings continue as though the order had never been entered. *Zanzig v. H.P.M. Corp.*, 134 Ill. App. 3d 617, 625 (1985) ("It is well-settled that *vacatur* of an order in due time leaves the pleadings the same as if the order had never been entered."). Section 13-217 concerns refiling, not reinstatement, and does not alter the process for reinstating a case. *Eighner*, 2021 IL 126101, ¶ 25. It therefore is not section 13-217 directly which permits the reinstatement of the case, but section 2-1301(e)—the option to refile provided by section 13-217 renders the DWP *interlocutory* until the expiration of the applicable time period, while section 2-1301(e) permits the vacatur of such an interlocutory order. Thus, until the expiration of the refiling period under section 13-217, a plaintiff may either (1) seek reinstatement of the same case pursuant to section 2-1301(e) or (2) file a new case pursuant to section 13-217. See *Hallman*, 331 Ill. App. 3d at 67 (noting that refiling the complaint or moving to vacate the DWP were both "viable option[s]" for the plaintiff within the refiling period); *Stacken v. Stratford Moes Inc.*, 2021 IL App (1st) 191982-U, ¶¶ 18-19 (same).

¶ 32      Once the section 13-217 period for refiling expires, the DWP becomes a final order. *S.C. Vaughan*, 181 Ill. 2d at 502. A circuit court loses jurisdiction to rule on a motion to vacate 30 days after the entry of a final judgment. *Eighner*, 2021 IL 126101, ¶¶ 24-25. At that point, if a plaintiff seeks to vacate a final judgment more than 30 days, but less than 2 years, following its entry, the appropriate avenue is through a section 2-1401 petition. *S.C. Vaughan*, 181 Ill. 2d at 506-07 (once a DWP becomes final, a section 2-1401 petition is required in order to revest the circuit court with jurisdiction); *Tomei*, 2014 IL App (2d) 130652, ¶ 10; see also *S.C. Vaughan*, 181 Ill. 2d at 508 (a section 2-1401 petition filed prior to the expiration of the refiling period is "theoretically inconsistent" with the proposition that a DWP order remains interlocutory during that time); *Jackson*, 397 Ill. App. 3d at 618 (a section 2-1401 petition is inapplicable until more than 30 days have passed since the expiration of the refiling period); *Hallman*, 331 Ill. App. 3d at 67 (same).

¶ 33      In this case, case 3805 was DWP'd on June 7, 2018. If, as plaintiff contends, he was entitled to refile the case pursuant to section 13-217 of the Code, the DWP order would not have become final until June 7, 2019, and his May 6, 2019, motion to vacate the DWP would have been timely filed and appropriately considered by the circuit court. If, however, the DWP order was a final order on the day it was entered, as defendant claims, plaintiff's motion to vacate the DWP would have been untimely, and the only avenue for relief would have been through a section 2-1401 petition.[7]

---

[7] We note that, in his brief, plaintiff makes alternative arguments based on both these theories— *i.e.*, he first argues that the circuit court had jurisdiction under section 2-1301(e) to vacate the DWP during the 13-217 refiling period and then alternatively argues that his motion to vacate should have been construed as a section 2-1401 petition. At oral argument, plaintiff's counsel argued almost exclusively about the application of section 2-1401. We do not view this focus as conceding the first argument, however, and consider both aspects of plaintiff's argument as set forth in his brief. We additionally find unpersuasive defendant's contention that plaintiff has forfeited his section 2-1301 argument, as he never raised section 2-1301 in response to defendant's motion to dismiss. While plaintiff did not cite section 2-

¶ 34                    *Availability of Refiling Under Section 13-217*

¶ 35          Plaintiff's argument on appeal primarily centers on his claim that the DWP order did not

become final until one year after its entry. As noted, plaintiff's general proposition is correct—

a DWP order is not a final order until the refiling period has expired. See *S.C. Vaughan*, 181

Ill. 2d at 501-02. Plaintiff's argument, however, does not squarely address the issue of whether

refiling was available to him with respect to case 3805.

¶ 36          The reason that a DWP order is not immediately final is due to the availability of refiling

under section 13-217. Section 13-217 provides, in relevant part:

> "In the actions specified in Article XIII of this Act or any other act or contract where
>
> the time for commencing an action is limited, if *** the action is dismissed for want of
>
> prosecution, *** then, whether or not the time limitation for bringing such action
>
> expires during the pendency of such action, the plaintiff *** may commence a new
>
> action within one year or within the remaining period of limitation, whichever is
>
> greater, after *** the action is dismissed for want of prosecution ***." 735 ILCS 5/13-
>
> 217 (West 1994).

¶ 37          In *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982), our supreme court held that a DWP order is

not a final order "since the plaintiffs had an absolute right to refile the action against the same

party or parties and to reallege the same causes of action." Accordingly, since the plaintiffs

had a right to refile the action, the order could not terminate the litigation as required for an

order to be final. *Id.* at 113-14. In *S.C. Vaughan*, the supreme court expanded upon its analysis,

explaining that *Flores* did not suggest that a DWP order was *never* a final or appealable order.

---

1301, his response did include a claim that *Eighner* was not applicable where, *inter alia*, a plaintiff "had
[a] DWP vacated pursuant to a Motion to Vacate DWP within the timeframe allowed by [section 13-
217]." Consequently, we decline to find this argument forfeited.

*S.C. Vaughan*, 181 Ill. 2d at 501-02. Instead, the supreme court held that when the section 13-217 refiling period has expired, "the litigation is effectively terminated," and the DWP order constitutes a final judgment. *Id.* at 502. Thus, it follows that a DWP order is final when there is no longer any opportunity for refiling.

¶ 38    In this case, defendant contends that the DWP order was immediately final, as section 13-217 did not entitle plaintiff to refile his complaint. Defendant claims that, when plaintiff filed cases 3246 and 3805 in close succession, plaintiff "used his one refiling." Defendant correctly observes that section 13-217 permits only one refiling. See *Gendek v. Jehangir*, 119 Ill. 2d 338, 343 (1988). In *Gendek*, our supreme court explained that section 13-217 is intended "to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." *Id.* The supreme court further cautioned, however, that "the provision was intended to serve as an aid to the diligent, not a refuge for the negligent." *Id.* Consequently, a nondiligent plaintiff may not use the statute to circumvent the otherwise-applicable statute of limitations through repeated filings and dismissals of substantially identical actions. *Id.* In the instant case, however, we cannot agree with defendant's position that plaintiff has already "used" his refiling.

¶ 39    From our research, it appears that the question of whether section 13-217 applies in this type of situation presents a case of first impression. We thus begin with examining the language of the statute. See *Eighner*, 2021 IL 126101, ¶ 19 (the most reliable indicator of legislative intent is the plain and ordinary meaning of the statutory language). Section 13-217 provides that, with respect to DWPs, "the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *after* *** the action is dismissed for want of prosecution." (Emphasis added.) 735 ILCS 5/13-217 (West 1994). The

plain language of the statute, then, provides that the right to refile is triggered *after* the entry of the DWP order. This suggests that the existence of another lawsuit filed prior to that time does not implicate section 13-217. Here, both case 3246 and case 3805 were filed *before* the other case was dismissed—neither was filed "after" the other was voluntarily dismissed or DWP'd, respectively. Case 3805 therefore cannot serve as a "refiling" of case 3246 for purposes of section 13-217, nor can case 3246 serve as a "refiling" of case 3805.

¶ 40    We note that, in *Young v. Wieland*, 2020 IL App (2d) 191042, ¶ 45, the Second District held that section 13-217 permits refiling a new action while a motion to vacate the DWP is pending, as nothing in the statute requires such motions to be resolved before the commencement of the new action. Even in that case, however, there was still a DWP order entered prior to the new action, so the requirement that the new action be commenced "after *** the action is dismissed for want of prosecution" (735 ILCS 5/13-217 (West 1994)) was satisfied. See *Young*, 2020 IL App (2d) 191042, ¶ 45 (finding that the plaintiff "refiled his complaint, *i.e.*, the new action, well within one year after the January 16, 2019, DWP of the initial complaint"). There is simply no way to read the language of section 13-217 to apply to a lawsuit that was filed prior to the entry of the DWP order, unless the qualifier "after" is read out of the statute, something we may not do. See *Eighner*, 2021 IL 126101, ¶ 21 (declining to adopt an interpretation of "new action" which would render the term "new" meaningless). Consequently, we must conclude that plaintiff was entitled to refile case 3805 within one year after the entry of the DWP order. As the ability to refile meant that the DWP order was a

nonfinal order, plaintiff's motion to vacate filed 11 months after the entry of the order was properly considered by the circuit court pursuant to its authority under section 2-1301(e).[8]

¶ 41     To be clear, we in no way suggest that having two lawsuits pending simultaneously is anything other than problematic. Here, both lawsuits were disposed of very early in the proceedings—plaintiff never issued any summons in case 3246 before it was voluntarily dismissed, and case 3805 was DWP'd at its initial status hearing. If they had proceeded further, one of the lawsuits would immediately have become subject to dismissal under section 2-619(a)(3) of the Code. See 735 ILCS 5/2-619(a)(3) (West 2020) (dismissal based on "another action pending between the same parties for the same cause"). The presence of two lawsuits also leads to another potential issue—*res judicata*—which we discuss further below. Finally, while it has no bearing on our reading of section 13-217, defendant has suggested that the two lawsuits filed here were the result of "forum shopping." Although this claim is speculative and we express no opinion on its accuracy, we nevertheless observe that if a circuit court believes that any party or attorney is engaged in litigation for improper purposes, the court always has the option of imposing an appropriate sanction under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Our supreme court has made clear, however, that the right to refile under section 13-217 is an "absolute right" (*Gendek*, 119 Ill. 2d at 340; *Flores*, 91 Ill. 2d at 112), and that the purpose of the statute is to "facilitate the disposition of litigation on the merits and to avoid

---

[8]We note that the propriety of the circuit court's decision to grant the motion to vacate the DWP is not before us. The decision to set aside a default prior to entry of a final judgment is within the circuit court's discretion (735 ILCS 5/2-1301(e) (West 2020)), and the overriding consideration is whether substantial justice is being done between the parties (*In re Haley D.*, 2011 IL 110886, ¶ 69). Here, the only issue before us is whether the circuit court had the *authority* to vacate the default, not whether its decision to do so was appropriate. We further observe that defendant suggests, both in its brief and at oral argument, that plaintiff intentionally withheld the information about case 3246 from the circuit court and that, had the court been aware of the other case, the motion to vacate would not have been granted. There is no support for this proposition contained in the record on appeal, and in fact, the original judge presiding over case 3805 had retired by the time defendant filed its appearance in the case.

its frustration upon grounds unrelated to the merits" (*Gendek*, 119 Ill. 2d at 343-44; *S.C. Vaughan*, 181 Ill. 2d at 497). Thus, where plaintiff's motion to vacate was properly filed within the time period set forth by section 13-217, the circuit court erred in finding that it lacked jurisdiction to grant it.

¶ 42                                             *Section 2-1401*

¶ 43        As noted, if vacatur of the DWP order was not available under section 2-1301(e), the only way for plaintiff to challenge the order would have been under section 2-1401. See *S.C. Vaughan*, 181 Ill. 2d at 506-07. Accordingly, plaintiff argues in the alternative that his motion to vacate should have been construed as a section 2-1401 petition. As we have found in plaintiff's favor with respect to section 2-1301(e), we have no need to address his argument concerning section 2-1401.

¶ 44                                             *Res Judicata*

¶ 45        Despite our determination that plaintiff was entitled to vacate the DWP order, defendant claims that dismissal was nonetheless appropriate based on *res judicata*, as the voluntary dismissal of case 3246 operated as an adjudication on the merits, and there was an identity of causes of action and of parties. The circuit court found this argument unpersuasive and declined to dismiss the complaint on the basis of *res judicata*. As noted, however, we may affirm on any basis supported by the record, regardless of whether the circuit court relied on that ground. *Raintree Homes*, 209 Ill. 2d at 261.

¶ 46        " 'The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996)). *Res judicata* bars

relitigation of matters that were actually decided in the first lawsuit, as well as matters that could have been decided in that suit. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been reached by a court of competent jurisdiction, (2) an identity of cause of action exists, and (3) the parties or their privies are identical in both actions. *Hudson*, 228 Ill. 2d at 467 (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994)). In this case, we cannot find that these requirements have been satisfied.

¶ 47      First, we cannot say that an identity of cause of action exists. A cause of action is defined by the facts which give rise to a right of relief, and "[t]hough one group of facts may give rise to a number of different theories of recovery, there remains a single cause of action." *Wilson v. Edward Hospital*, 2021 IL 112898, ¶ 10. "If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and *res judicata* bars the latter action." (Internal quotation marks omitted.) *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 295 (1992).

¶ 48      Defendant contends that there is "clearly" an identity of cause of action between case 3246 and case 3805, pointing out that plaintiff "literally filed the same complaint in both lawsuits." Defendant overlooks, however, that the complaint in case 3805 was amended twice, and it was the second amended complaint which was dismissed. The second amended complaint is substantially different than the complaint which was voluntarily dismissed in case 3246, including different defendants, additional factual allegations, and different counts. Even if we were to find that some of the counts were merely expanded versions of the previously alleged counts, the second amended complaint includes counts which were not alleged at all in the

original complaint—counts directed at defendant (which was not a party defendant in the original action), including counts concerning misrepresentations which defendant allegedly made on a disclosure form, as well as a count for violation of the Consumer Fraud Act against defendant. These counts would necessarily involve different evidence than the previously alleged counts, and therefore, we cannot find that there is an identity of cause of action.

¶ 49      We also cannot find that there is an identity of parties. As noted, an action will be barred by *res judicata* where there is an identity of parties or their privies. *Hudson*, 228 Ill. 2d at 467. Privity exists where parties "adequately represent the same legal interests." (Internal quotation marks omitted.) *People ex rel. Burris*, 151 Ill. 2d at 296. Here, defendant was not named as a party defendant in the original complaint. Defendant, however, claims that there is privity between it and Mietus, who was named as a defendant in that complaint. We do not find this argument persuasive. The second amended complaint listed five counts against defendant: (1) breach of the real estate contract, (2) breach of a disclosure report attached to the real estate contract, (3) unjust enrichment, (4) violation of the Consumer Fraud Act, and (5) breach of the implied warranty of habitability. The original complaint, by contrast, listed three counts against Mietus: (1) violation of the Consumer Fraud Act, (2) negligence, and (3) breach of the implied warranty of habitability. The original complaint also included counts for breach of contract and unjust enrichment, but those were directed against Mietus Construction, Inc.—not against Mietus—and there were no allegations of agency in the complaint. Thus, there are a number of counts against defendant in the second amended complaint (1) which were not included in the original complaint and (2) which were not directed at Mietus. We therefore cannot say that Mietus "adequately represented the same legal interests" (internal quotation marks omitted) (*id.*) with respect to the counts aimed at defendant. Accordingly, we cannot find that

*res judicata* provides an alternate basis for affirming the circuit court's dismissal of plaintiff's complaint.

¶ 50                    *Motion to Reopen Proofs*

¶ 51      Given our conclusion that the circuit court erred in finding that it lacked jurisdiction to vacate plaintiff's DWP, we have no need to consider the propriety of the circuit court's denial of plaintiff's request to reopen proofs to include an affidavit from his former attorney.

¶ 52                         CONCLUSION

¶ 53      For the reasons set forth above, we reverse the circuit court's dismissal of plaintiff's complaint, as the court properly vacated the DWP in case 3805.

¶ 54      Reversed.

*Galaviz v. Mietus Restoration, Inc.*, **2023 IL App (1st) 220514**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2018-L-3805; the Hon. Michael F. Otto, Judge, presiding. |
| **Attorneys for Appellant:** | Anthony J. Sassan, of Sassan & Sassan, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Edward C. Seward III, of Seward & Szczygiel, P.C., of Chicago, for appellee. |